FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 SEP 28 PM 3: 49

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

STEPHEN JOHN ALVELO,   )
                       )
    Plaintiff,         )
                       )
v.                     )    Case No. CV407-099
                       )
CHATHAM COUNTY JAIL,   )
                       )
    Defendant.         )

## REPORT AND RECOMMENDATION

On July 16, 2007, Stephen John Alvelo filed a complaint pursuant to 42 U.S.C. § 1983 seeking damages and injunctive relief from the Chatham County Jail. On July 26, 2007, this Court granted Alvelo leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of that order. Doc. 3. He has returned both forms; therefore, the case is ready to proceed.

Congress set forth the procedures for handling civil actions filed by prisoners or other detainees in the Prison Litigation

Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321—71. The PLRA authorizes federal courts to "dismiss any action brought with respect to prison conditions . . . by a prisoner . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). In addition, the PLRA requires federal courts to conduct an early screening of all prisoner suits against government entities or officials to identify claims subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine Alvelo's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

According to his complaint, Alvelo suffered a fractured left eye socket on June 20, 2007. Doc. 1 at 5. He states that the medical care he received to treat the fracture was inadequate, resulting in a protruding bone under his left eye and the inability to open his mouth completely. Id. His § 1983 complaint requests that this Court enjoin the defendant from providing inadequate

care in the future and that the Court award monetary damages for the pain he has suffered. Id. at 6.

However, Chatham County Jail, the only defendant named in Alvelo's complaint, is not a legal entity subject to suit under § 1983. Miller v. Benton County Jail, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (holding that a county jail is not a "person" within the meaning of § 1983 and is therefore not a legal entity subject to suit under that statute); Agnew v. St. Joseph County Jail, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996); see also Lovelace v. DeKalb Cent. Prob., 144 Fed. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (same); Lesikar v. Med. Staff, 2002 WL 441404, at *4 (N.D. Tex. Mar. 19, 2002) (same). Therefore, Alvelo's complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 27th day of September, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA